

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

August 31, 1964

Honorable Jimmy Morris
County Attorney
Navarro County Courthouse
Corsicana, Texas

Opinion No. C-305

Re: Where the trial of a de-
fendant in a criminal case
results in a hung jury and
upon subsequent trial the
defendant is convicted, is
the defendant taxed one or
two jury fees?

Dear Mr. Morris:

You have requested an official opinion from this depart-
ment concerning the following question relating to the defen-
dant's liability for a jury fee in a justice court:

"If a jury cannot agree on a verdict and
is hung, and then another jury is impaneled
and the defendant is convicted, is the de-
fendant taxed with two jury fees or just
one?"

Article 1075 of the Code of Criminal Procedure provides:

Jury fee in justice court.

"If the defendant is convicted in a crimi-
nal action tried by a jury in a justice court,
a jury fee of three dollars shall be taxed
against him." (Emphasis added)

Article 1073 of the Code of Criminal Procedure provides:

In district and county courts.

"In each criminal action tried by a jury
in the district or county court, or county
court at law, a jury fee of five dollars
shall be taxed against the defendant if he
is convicted." (Emphasis added)

It is fundamental that no cost or fees may be taxed
against a defendant in a criminal case where he is acquitted.
(See attached copy of Attorney General's Opinion O-1773.)

-1458-

The statutes provide that in the justice, district and county courts the taxation of a defendant for a jury fee is contingent upon conviction.

As quoted above, Article 1073 relating to the district and county courts is almost identical to Article 1075, except it is more explicit in that it specifically states that in each criminal action the defendant is taxed a jury fee if convicted.

Article 907 of the Code of Criminal Procedure provides:

Mistrial.

"A jury shall be discharged if they fail to agree to a verdict after being kept together a reasonable time. If there be time left on the same day, another jury may be impaneled to try the cause, or the justice may adjourn for not more than two days and again impanel a jury to try such cause."

It is well established that in a criminal case where the jury fails to agree on a verdict and is subsequently dismissed, a mistrial is declared. However, this does not result in the dismissal of the case, rather, the pending cause is continued until such time as a new jury can be impaneled.

As the above quoted statutes are clear and unambiguous, it follows that only one jury fee is to be taxed against a defendant, who is convicted in a criminal cause tried in the justice court, even though in a prior trial the jury was discharged for failure to agree to a verdict.

## SUMMARY

In any criminal cause in a justice court a defendant, if convicted, can only be taxed one jury fee notwithstanding that more than one jury was impaneled to hear the case.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Robert W Norris_

Robert W. Norris
Assistant Attorney General

-1459-

RWN/dt/br

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
James Strock
Joe Long
Charles B. Swanner
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
By:   Stanton Stone